Hyatt, J.
The plaintiff sues for rent, accruing, under a lease given by Mary A. Kieff to Lydia C. Cocks, for the.month of February, 1883, and claims judgment against the defendants, who are the sureties *286 upon that lease, for the sum of $525 and interest thereon from the first day of February aforesaid.
The facts are substantially these: The plaintiff owned the premises known as No. 129 Fifth Avenue; by a lease dated April 19,1881, he demised to Kieff for a term ending May 1, 1883, at a rental of $250 a month. On August 25, 1882, Kieff executed what purports to be a lease of the premises for the unexpired portion of her term to Cocks at a rental of $525 a month. On December 14, 1882, Kieff assigned to Townsend all her right, title and interest under the paper or writing of August 25, 1882. The defendants are the sureties for the performance by Cocks of the covenants contained in said paper of August 25, 1882.
The defense is, that all the rights and liabilities of the tenant, and consequently of her sureties, are merged in the fee owned by the plaintiff.
The paper of August 25, 1882, was either an assignment of the original lease, or it was a sub-lease creating a new estate in Cocks. The defendant claims that it was an assignment. Assume this to be so; then Kieff, the original lessee, had no estate or reversionary interest left in her, and of course transferred none to Townsend by the assignment of December 14, 1882; all that paper amounts to is an assignment of the chose in action arising out of the personal covenants of Cocks to pay rent, and for which the defendants are sureties. There can be no merger because one estate, the fee, is in Townsend, and the other, the term for years, is in Cocks.
I am of the opinion, however, that the paper of August 25, 1882, was a sub-lease. It reserved a new and larger rent, and contained the usual clause of reentry. This, in effect, created a new estate, instead of transferring the old one, and was an under-letting and not an assignment. Ganson v. Tiff't, 71 N. Y. 48 ; Collins v. Hasbrouck, 56 N. Y. 157 ; overruling Wood *287 hull v. Rosenthal, 61 N. Y. (Com. of Appeals) 383, relied upon by the defense.
The position of affairs then, December 14, 1882, was this : Townsend owned the fee and the reversion dependent On the original lease ; Kieff possessed an estate for years under that lease, and also owned the reversion, dependent on the lease to Cocks of August 25, 1882, and Cocks possessed an estate for years in the land. The paper of December 14, 1882, is now executed; by it Kieff transfers to Townsend all her rights in and under the lease to Cocks, but does not transfer the term for years created by the original lease, though as part of the consideration for the assignment of the Cocks lease, Townsend releases the rents reserved to him in the original one.
The reversion transferred by the assignment of December 14, 1882, cannot merge in the fee, because of the intervening term created by the original lease which is still vested in Kieff. The case of Schenck v. Pendleton (N. Y. Com. Pl. Gen. Term, Dec. 18, 1857 ; 10 Law Report N. S. 576) is precisely in point, assuming the paper of December 14,1882, to have been a sublease.
1 am of the opinion, in either aspect of the case, that the doctrine of merger"is not applicable, and that the defendants are not released from their agreement contained in the suretyship, by the assignment of Kieff to Townsend.
It follows, therefore, that the plaintiff must have judgment for the amount claimed, with interest and costs.